UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RICHARD DEVORE                                                                                              PLAINTIFF

v.                                                                                                         NO. 3:19-CV-731-CRS

UNITED PARCEL SERVICE, INC.                                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion of Plaintiff Richard DeVore seeking leave to file a First Amended Complaint. DN 35. Defendant United Parcel Service, Inc. ("UPS") has objected to the amendment on the ground that the deadline for amendment of pleadings was seven months prior to DeVore's motion and DeVore has not shown good cause for the delay in accordance with Fed.R.Civ.P. 16. Further, UPS contends that amendment would be futile since the proposed amended complaint fails to allege sufficient facts to support an FMLA interference claim. DeVore has replied that he has been generally diligent in meeting deadlines and conducting discovery and that this amendment would not prejudice the defendant, even at this late date. He contends that his proposed First Amended Complaint states sufficient facts from which the elements of an interference claim can be gleaned. The matter is now ripe for review.

With respect to the good cause required to be shown in seeking leave to amend sought after the expiration of the scheduling deadline, DeVore does not mention nor does he attempt to justify the seven-month delay in seeking the proposed amendment. He pleaded only an FMLA retaliation claim in his complaint, and discovery proceeded apace on that theory. Now, after much discovery has been undertaken, DeVore seeks to add an FMLA interference claim which, admittedly, requires proof different from a claim of retaliation. In response to UPS' objection, he states only that he has been "generally

diligent" in meeting deadlines and conducting discovery. DN 40, p. 1. Thus, he contends that he should not be precluded from asserting this alternative theory because he failed to comply "with a single provision of the scheduling order." *Id.* We note, however, that a showing of good cause is a "threshold that requires late-moving litigants to show that 'despite their diligence they could not meet the original deadline.'" *Shane v. Bunzl Distribution USA, Inc.*, 275 Fed.Appx. 535, 536 (6th Cir. 2008)9quoting *Leary v. Daeshner*, 349 F.3d 888, 907 (6th Cir. 2003)). No such showing has been made.

UPS further contends that it would be prejudiced by the amendment. It notes that there were numerous agreed modifications to the scheduling order. Significant discovery has already taken place. DeVore has already been deposed. DeVore responds that "Defendant is uniquely positioned to know much better than Mr. DeVore what actions it took leading to the unlawful termination, and prejudice does not follow just because Mr. DeVore is now asserting his right to recover for an additional claim for the injury Defendant caused." *Id*. at 2. This is a non-answer to UPS' assertion of prejudice.

If the Court's orders are to mean anything, the parties must be held to their obligations thereunder unless there is the requisite showing of good cause for a party to be relieved from them. In this instance, there has been no explanation offered upon which the Court could find cause, much less good cause under Rule 16, for the tardy request for leave to amend.

As we find that no showing of good cause under Rule 16 has been made, we need not engage in an analysis of whether amendment would be proper under Rule 15(a). *See Leary,* 349 F.3d at 909 ("[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).").

In any event, we note, that there are some problems with DeVore's argument addressing the alleged deficiencies in the allegations of his First Amended Complaint. DeVore notes that "the allegations [of the complaint] must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Engler v. Arnold*, 862 F.3d 571, 574-75 (6th Cir. 2017)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). He recites statements in the

proposed First Amended Complaint ("he would have required inpatient care at a hospital following a foot surgery" (Prop. Am. Compl. ¶ 13); "he informed his supervisor that he would be taking FMLA leave following that foot surgery" (Prop. Am. Compl. ¶ 11), but those statements are not in the proposed First Amended Complaint filed with the Court. DN 35-2. Rather, the First Amended Complaint offers no additional facts. It states:

> Plaintiff hereby incorporates by reference as if fully set forth herein paragraphs 1-43 of his original complaint (attached as Exhibit A) including Count I against Defendant, demand for a jury trial and prayer for relief set forth therein. The following allegation [sic] are made in addition to those previously set forth as such begin [sic] at Count II. Paragraph 44." DN 35-2, p. 1.

The sole paragraph in the complaint which addresses FMLA leave is paragraph 11 which states that "[t]wo months before his termination, Mr. DeVore informed his manager, Jeff Johnston (Mr. Johnston"), that he would soon be taking FMLA time to undergo surgery." DN 35-2, p. 6.

An employee must "generally include some 'indication of the "anticipated timing and duration of the leave.""'[1] In *Keogh*, *supra.*, the court found that the plaintiff never actually requested leave, and, although no specific language is required to invoke the protections of the FMLA, an employee must provide notice and a qualifying reason for requesting leave.[2] The Sixth Circuit found that, under the specific facts of the case, "[the plaintiff had] failed to provide [his employer] enough information for [it] to know there was any such *request* at all. 752 Fed.Appx. at 322 (emphasis in original). The sole paragraph in the original complaint is devoid of any detail. DeVore contends that the proposed amended pleading contains sufficient facts to overcome UPS' assertion of futility, but the document contains no such language. We decline to speculate on the sufficiency of factual allegations that are, in fact, unpled. Therefore, on this basis, the Court would also deny DeVore's request for leave to amend.

---

[1] *Keogh*, 752 Fed.Appx. at 322.
[2] Citing *Wallace v. FedEx Corp.*, 764 F.3d 571, 586 (6th Cir. 2014).

Motion having been made and for the reasons set forth herein and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Richard DeVore, for leave to file an amended complaint (DN 35) is **DENIED.**

December 22, 2021

Charles R. Simpson III, Senior Judge
United States District Court